UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-7601 DOC (PVC)                                     Date: October 6, 2020

Title   Christopher Poe v. Ralph Diaz, Warden

Present: The Honorable Pedro V. Castillo, United States Magistrate Judge

|  Marlene Ramirez  |  None  |
|:---:|:---:|
| Deputy Clerk | Court Reporter / Recorder |

Attorneys Present for Petitioner:            Attorneys Present for Respondent:
                None                                                                          None

**PROCEEDINGS:   [IN CHAMBERS]  ORDER TO SHOW CAUSE WHY THE MAGISTRATE JUDGE SHOULD NOT RECOMMEND THAT THIS ACTION BE DISMISSED BECAUSE IT IS UNTIMELY**

On July 17, 2020, Christopher Poe, a California state prisoner proceeding *pro se*, constructively filed an application in the Ninth Circuit for permission to file a second or successive habeas petition. ("Petition," Dkt. No. 1). However, because Petitioner had not previously filed a federal petition challenging his current custody, the Ninth Circuit concluded that he did not require prior authorization to proceed. (Dkt. No. 2 at 1). Accordingly, the Ninth Circuit transferred the matter to this Court on August 20, 2020, with instructions to process Petitioner's application as a habeas petition under 28 U.S.C. § 2254 and to deem it to have been filed on July 17, 2017. (*Id.*). The Ninth Circuit expressly stated that it was expressing "no opinion as to the merits of the applicant's claims or whether the procedural requirements of 28 U.S.C. §§ 2244(d) and 2254 are satisfied." (*Id.*). The Court finds that the Petition appears to be untimely.

### A.   Prior Proceedings

On July 23, 2008, a jury in the Los Angeles County Superior Court found Petitioner guilty of fifteen of sixteen counts of attempted kidnapping, attempted rape, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-7601 DOC (PVC)                                    Date:  October 6, 2020

Title        Christopher Poe v. Ralph Diaz, Warden

burglary, and found true various sentence enhancements.  (Petition at 8);[1] *see also People v. Poe*, 2010 WL 892567, at *1-*2 (Cal. Ct. App. Mar. 15, 2010).  On October 6, 2008, Petitioner was sentenced to an indeterminate term of 170 years to life in state prison.  (Petition at 8); *Poe*, 2010 WL 892567, at *2.  On March 15, 2010, the California Court of Appeal modified the judgment by staying execution of the sentence imposed on two counts and vacating the conviction and sentence on another count, and affirmed the judgment as to the remaining counts.  *See id.* at *13.  Petitioner filed a petition for review in the California Supreme Court on April 15, 2010, which the high court denied without comment or citation to authority on May 20, 2010.  *See* California Appellate Courts Case Information Website, Supreme Court Case No. S181121, at http://appellatecases.courtinfo.ca.gov ("California Case Website").[2]

On May 7, 2010, while Petitioner's petition for review was still pending in the California Supreme Court, Petitioner filed a habeas petition in the California Court of Appeal.  California Case Website, Second Dist. Case No. B224237.  The petition was summarily denied on June 10, 2010.  *Id.*

Over two years later, on September 14, 2012, Petitioner filed a habeas petition in the Los Angeles County Superior Court.  (*See* Petition at 18).  The petition was denied on September 19, 2012.  (*Id.*).

---

[1] The Court will cite to the Petition and its attachments as though they formed a single, consecutively-paginated document using the CM/ECF-generated page numbers on the Court's docket.

[2] The Court takes judicial notice of Petitioner's state court proceedings, including information available on the California Case Website.  *See Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (taking judicial notice of court dockets, including those available on the Internet, from petitioner's state court proceedings).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-7601 DOC (PVC)                          Date:  October 6, 2020

Title   Christopher Poe v. Ralph Diaz, Warden

    Six years later, on September 20, 2018, Petitioner filed a second habeas petition in the Los Angeles County Superior Court.  (*Id.* at 18, 20-159).  The petition was denied as untimely on September 27, 2018.  (*Id.* at 18).  On November 26, 2018, Petitioner filed a habeas petition in the California Court of Appeal, which was denied without comment or citation to authority on December 3, 2018.  California Case Website, Second Dist. Case No. B294003.  Finally, on March 20, 2019, Petitioner filed a habeas petition in the California Supreme Court.  (Petition at 7-17).  The petition was denied as untimely with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), on July 19, 2019.  (*Id.*at 6); *see also* California Case Website, Supreme Court Case No. S254789.  This action followed nearly one year later on July 17, 2020.

    **B.**     **<u>The Petition Appears to Be Untimely</u>**

    The Antiterrorism and Effective Death Penalty Act ("AEDPA") applies to the instant Petition because Petitioner filed it after AEDPA's effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).  AEDPA altered federal habeas litigation by imposing a specific time limit on the filing of federal habeas petitions.  *See Rhines v. Weber*, 544 U.S. 269, 274 (2005).  By creating a limitations period, Congress intended "to reduce delays in the execution of state and federal criminal sentences." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003).

    Under 28 U.S.C. § 2244(d)(1), state prisoners have only one year in which to file their federal habeas petitions.  The one-year limitations period begins to run from the latest of:

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-7601 DOC (PVC)                                               Date:  October 6, 2020

Title      Christopher Poe v. Ralph Diaz, Warden

              States is removed, if the applicant was prevented from filing by such State action;
- (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
- (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  Here, the Petition does not disclose a state impediment that prevented the filing of the Petition, or rely on new Supreme Court law, or assert new facts that could not have been discovered earlier through the exercise of due diligence.  Accordingly, the triggering date for the running of the statute of limitations in this case is that set forth in subsection (A).

      Under § 2244(d)(1)(A), the one-year statute of limitations begins to run on the date on which the "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).  The California Supreme Court denied Petitioner's petition for review on May 20, 2010.  California Case Website, Supreme Court Case No. S181121.  There is no indication in the record that Petitioner filed a petition for a writ of certiorari in the United States Supreme Court.  Thus, Petitioner's conviction became final ninety days later, on August 18, 2010.  *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999) (the period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for writ of certiorari from the United States Supreme Court"); *see also* Sup. Ct. R. 13 (requiring a petition for a writ of certiorari seeking review of a judgment of a state court of last resort to be filed within 90 days after the entry of judgment).  The limitations period began to run the next day and expired on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-7601 DOC (PVC)                                    Date:  October 6, 2020

Title       Christopher Poe v. Ralph Diaz, Warden

August 18, 2011.  Accordingly, absent tolling, the instant Petition, filed on July 17, 2020, appears untimely by almost nine years.

### 1.  Statutory Tolling

AEDPA provides a statutory tolling provision which suspends the limitations period for the time during which a "properly filed" application for post-conviction or other collateral review is pending in state court.  28 U.S.C. § 2244(d)(2); *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005).  When a state petition is untimely, it is not properly filed and AEDPA's statute of limitations will not toll, *Pace*, 544 U.S. at 417, meaning that "none of the time before or during the court's consideration of that petition is statutorily tolled."  *Bonner v. Carey*, 425 F.3d 1145, 1149 (9th Cir. 2005).  Furthermore, state habeas petitions filed after the AEDPA limitations period has expired do not reinitiate the limitations period.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Here, the record before the Court suggests that, apart from the prematurely-filed habeas petition filed in the Court of Appeal while Petitioner's petition for review was still pending in the California Supreme Court, Petitioner did not begin to seek state habeas review until September 14, 2012, when he filed a habeas petition in the Los Angeles County Superior Court.  However, the AEDPA limitations period had already expired on August 18, 2011, more than one year before his Superior Court filing.  Because the AEDPA limitations period ended long before Petitioner filed his first state habeas petition, it does not appear that statutory tolling will render the instant Petition timely.

### 2.  Equitable Tolling

In addition to statutory tolling, the AEDPA limitations period may also be subject to equitable tolling if the petitioner can demonstrate both:  (1) that he has diligently pursued his claims; and (2) that some extraordinary circumstance stood in his way.  *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  CV 20-7601 DOC (PVC)                            Date: October 6, 2020

Title      Christopher Poe v. Ralph Diaz, Warden

*Holland v. Florida*, 560 U.S. 631, 649 (2010). The Petition does not clearly disclose any basis for equitable tolling. Indeed, the record before the Court indicates that Petitioner sat on his claims for over six years after the Superior Court denied his first habeas petition before he filed a second petition in the same court on September 20, 2018. (Petition at 18). This unexplained gap strongly suggests that Petitioner was not diligently attempting to pursue his claims.

In short, the record does not show that Petitioner was prevented from pursuing his claims for reasons beyond his control, and thus fails to support an entitlement to equitable tolling. However, even if the Court were to assume, without deciding, that Petitioner was somehow entitled to equitable tolling for the entire period between August 18, 2010, when his conviction became final, and September 20, 2018, when he began his most recent round of habeas petitions in the Superior Court, the instant federal Petition would still appear to be untimely.

A petitioner may be entitled to so-called "gap tolling" for the period between the denial of a habeas petition in a lower court and the filing of a habeas petition in a higher court. *See, e.g.*, *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006) ("In California, a state prisoner may seek review of an adverse lower court decision [on habeas review] by filing an original petition (rather than a notice of appeal) in the higher court, and that petition is timely if filed within a 'reasonable time.'") (citing *Carey v. Saffold*, 536 U.S. 214, 221 (2002)). However, to qualify for gap tolling, the state habeas filings must fall within the "thirty-to-sixty-day benchmark for California's 'reasonable time' requirement." *Stewart v. Cate*, 757 F.3d 929, 935 (9th Cir. 2014); *see also Velasquez v. Kirkland*, 639 F.3d 964, 968 (9th Cir. 2011) (petitioner not entitled to "gap tolling" for unjustified delays of ninety-one and eighty-one days); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (petitioner was not entitled to "gap tolling" for delays of 115-days and 101-days because they "were substantially longer than the '30 to 60 days' that 'most States' allow for filing petitions, and [the petitioner's] petitions offered no justification for the delays as required under California law"); *Culver v. Director of Corrections*, 450 F. Supp. 2d 1135, 1140-41

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-7601 DOC (PVC)                                    Date:  October 6, 2020

Title        Christopher Poe v. Ralph Diaz, Warden

---

(C.D. Cal. 2006) (unexplained intervals of 97 days and 71 days between the denial of one state petition and the filing of the next were unreasonable and not entitled to gap tolling).

After the Los Angeles County Superior Court denied Petitioner's habeas petition as untimely on September 27, 2018, (Petition at 18), Petitioner filed his next petition in the California Court of Appeal on November 26, 2018, a sixty-day interval that falls comfortably within the permissible gap tolling range. California Case Website, Second Dist. Case No. B294003. However, the Court of Appeal denied Petitioner's habeas petition on December 3, 2018, *id.*, and Petitioner did not file his next petition in the California Supreme Court until March 20, 2019. (Petition at 7-17); California Case Website, Supreme Court Case No. S254789. This 107-day unexplained delay falls well outside the 30- to 60-day range that courts deem reasonable. Accordingly, even if the Court were to accept that it was somehow impossible for Petitioner to file habeas petitions for more than eight years between August 2010 and September 2018, the AEDPA clock would begin to tick after the Court of Appeal denied Petitioner's petition on December 3, 2018 and would expire on December 3, 2019.[3] Therefore, even under

---

[3] Just as inexplicably, after the California Supreme Court denied Petitioner's petition on July 19, 2019, (Petition at 6), Petitioner waited *363 days* -- until July 17, 2019 -- to file his federal Petition. Therefore, even if Petitioner were entitled to gap tolling for the period between the Court of Appeal's denial of his petition in December 2018 and the filing of the petition in the California Supreme Court in March 2019, which the Court does not find, if the Court concluded that Petitioner was not entitled to equitable tolling for even *three days* between the date his conviction became final in August 2010 and the filing of his Superior Court petition in September 2018, the Petition would still be untimely.

The Court also notes that the fact that the Los Angeles County Superior Court and the California Supreme Court denied Petitioner's latest round of habeas petitions as untimely suggests that Petitioner's claims were procedurally defaulted, and are therefore unexhausted. However, because the apparent untimeliness of the Petition could be

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-7601 DOC (PVC)                         Date:  October 6, 2020

Title   Christopher Poe v. Ralph Diaz, Warden

this incredibly generous equitable tolling scenario, which the Court does not find on the present record is even remotely warranted, the instant Petition would still be untimely by more than seven months.

If Petitioner wishes to avoid a recommendation that his petition be dismissed on timeliness grounds, his response to this Order should identify any errors in the foregoing analysis and provide any additional facts that demonstrate that he is entitled to statutory or equitable tolling.  *See Banjo v. Ayers,* 614 F.3d 964, 967 (9th Cir. 2010) ("[The petitioner] bears the burden of proving that the statute of limitations was tolled."); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (habeas petitioners have the burden of proof to show equitable tolling).

### 3. Actual Innocence

Petitioner summarily asserts that he is raising an "actual innocence" claim.  (*See* Petition at 2, 4).  However, Petitioner also states that he "is not claiming innocence of *any* crime, only the very serious crimes/felonies that he was convicted of a[t] trial."  (*Id.* at 16).  In other words, Petitioner appears to be stating that although he committed the acts that resulted in his convictions, those acts should not have been deemed to be felonies and would not have been found to be so by the jury if it were not for ineffective assistance of trial counsel, an "unfair trial," and "illegal jury instructions."  (*Id.* at 16). These contentions do not appear to support an actual innocence claim.

Under the "fundamental miscarriage of justice" exception to the AEDPA limitation period, a habeas petitioner may pursue constitutional claims on the merits "notwithstanding the existence of a procedural bar to relief," such as untimeliness. *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).  The exception is limited to claims of actual innocence; a petitioner does not qualify if he asserts procedural violations only.

---

dispositive, it is not necessary to address or resolve the procedural default issue at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-7601 DOC (PVC)                                    Date:  October 6, 2020

Title   Christopher Poe v. Ralph Diaz, Warden

*Johnson v. Knowles*, 541 F.3d 933, 937 (9th Cir. 2008); *see Schlup v. Delo*, 513 U.S. 298, 321 (1995) (observing that Supreme Court precedent has "explicitly tied the miscarriage of justice exception to the petitioner's innocence"); *Herrera v. Collins*, 506 U.S. 390, 404 (1993) ("This . . . fundamental miscarriage of justice exception[] is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons.") (quoting *McCleskey v. Zant*, 499 U.S. 467, 502 (1991));  *Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) ("[W]e hold that a petitioner is not barred by the AEDPA statute of limitations from filing an otherwise untimely habeas petition if the petitioner makes a credible showing of 'actual innocence' under *Schlup v. Delo*.").  A claim of actual innocence requires the introduction of "relevant evidence that was either excluded or unavailable at trial."  *Schlup*, 513 U.S. at 327-28.

To qualify for the exception, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence."  *Id.* at 327.  The new post-conviction evidence may allow a petitioner to pass through the *Schlup* gateway if it casts sufficient "doubt on the conviction by undercutting the reliability of the proof of guilt."  *Lee*, 653 F.3d at 938 (quoting *Sistrunk v. Armenakis*, 292 F.3d 669, 673 (9th Cir. 2002)).  The Supreme Court has stressed that the exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 521 (2006).  The *Schlup* standard is demanding and seldom met.  *See Stewart*, 757 F.3d at 938; *see also Schlup*, 513 U.S. at 324 (noting that "experience has taught us that a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare").

The Petition does not rely on new, previously unavailable evidence to support Petitioner's claim of actual innocence.  Instead, Petitioner appears to rely primarily on excerpts from the trial transcript to show that counsel was ineffective or that the jury construed the evidence too harshly.  The mere assertion that a petitioner is actually innocent, without the introduction of "evidence tending to show that he did not commit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   CV 20-7601 DOC (PVC)                                            Date:  October 6, 2020

Title       Christopher Poe v. Ralph Diaz, Warden

the [acts] underlying his convictions," is insufficient to satisfy the standard.  *See Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012); *see also Schlup*, 513 U.S. at 324 ("To be credible, [an actual innocence] claim requires petitioner to support his allegations of constitutional error with new reliable evidence -- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial.  Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.").

If Petitioner wishes to claim an entitlement to the "fundamental miscarriage of justice" exception to the AEDPA statute of limitations, his response to this Order must identify new, reliable evidence *not presented at trial* that undermines confidence in the verdict and establishes that Petitioner is factually innocent of the crimes for which he was convicted.

**ORDER**

Accordingly, Petitioner is ORDERED TO SHOW CAUSE, within twenty-one (21) days of the date of this Order, why this action should not be dismissed pursuant to the AEDPA one-year period of limitation.  Petitioner is advised to inform the Court of any reason why he may be entitled to statutory or equitable tolling, and of any evidence not presented at trial showing that "it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Schlup*, 513 U.S. at 327.  This Order is not dispositive of any of Petitioner's claims.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **A Notice of Dismissal form is attached for Petitioner's convenience.**  However, Petitioner is advised that any dismissed claims may later be subject to the statute of limitations under 28 U.S.C. § 2244(d)(1), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | CV 20-7601 DOC (PVC) | Date: October 6, 2020 |
| Title | Christopher Poe v. Ralph Diaz, Warden | |

judgment of a State court." In addition, should Petitioner voluntarily dismiss some, but not all, of his claims, if he later attempts to file a second petition with the dismissed claims, his petition may be rejected as successive.

**Petitioner is expressly warned that failure to timely file a response to this Order may result in a recommendation that this action be dismissed with prejudice for his failure to comply with Court orders and failure to prosecute.** *See* **Fed. R. Civ. P. 41(b).** The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

IT IS SO ORDERED.

| | 00:00 |
|---|---|
| **Initials of Preparer** | mr |